IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THEODORE WILLIAM TAYLOR, § § Plaintiff, § § V. § § THE KENDALL LAW GROUP PLLC § and JOSEPH KENDALL, § § Defendants. § | No. 3:21-cv-65-C-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Theodore William Taylor, a federal inmate incarcerated in this district, has filed this *pro se* case against his former criminal defense counsel and his law firm for legal malpractice, asserting that his attorney "collected fees exceeding [$120,000] yet failed to establish a legal defense strategy, failed to prepare for jury trial, failed to impeach Government witnesses, failed to introduce defense witnesses, failed to suppress illegal evidence, and failed to bring forward contextual documentation." Dkt. No. 3. And Senior United States District Judge Sam R. Cummings has referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The United States Court of Appeals for the Fifth Circuit set out the applicable background in its decision affirming Taylor's conviction and sentence:

> Theodore "Tad" Taylor and Chia Jean Lee, a married couple who met while earning their degrees at Yale, ran Taylor Texas Medicine in Richardson, Texas. Taylor was the clinic's only doctor while Lee, a nurse by training, was the clinic's office manager. An Eastern District of Texas grand jury indicted the couple for conspiring to distribute controlled

> substances. The indictment alleged that from 2010 through early 2012, Taylor and Lee conspired to illegally prescribe five controlled substances: oxycodone, amphetamine salts, hydrocodone, alprazolam, and promethazine with codeine.
>     A jury convicted both of them after a seven-day trial. It also made findings about the quantity of drugs the couple distributed, but those quantities did not trigger higher statutory minimum or maximum sentences. *See* 21 U.S.C. § 841(b)(1)(C). The district court then sentenced Taylor to the 20-year statutory maximum (his Guidelines range would have been higher but for the statutory cap) and Lee to just over 15 years (the bottom of her Guidelines range).

*United States v. Lee*, 966 F.3d 310, 316 (5th Cir. 2020). And, in denying Taylor's *pro se* motion for compassionate relief considering the ongoing COVID-19 pandemic, the district court noted that his projected release date is October 24, 2035. *See United States v. Taylor*, No. 4:17-CR-9(1), 2020 WL 5222797 (E.D. Tex. Sept. 1, 2020).

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court dismiss Taylor's current civil action for lack of subject matter jurisdiction.

## Legal Standards and Analysis

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction,

and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Plaintiffs filing in this Court must establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if they do not, the federal lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction,

parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). And "this 'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v.*

*Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

And "[t]he basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Indeed, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)); *see also Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) ("Evidence of a person's place of residence … is prima facie proof of his domicile." (citations omitted)); *Stine*, 213 F.2d at 448 ("Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile.").

First, Taylor's civil suit does not involve a federal question. He cites a section of the federal criminal code pertaining to an appeal by the government in a criminal case, 18 U.S.C. § 3731, but does not explain how that federal statute or any other provision of federal law establishes a cause of action here. And, while Taylor brings legal malpractice allegations against his former criminal defense attorney, doing so does not allege "a violation of a 'right' afforded to [Taylor] under federal law," such that he brings claims under 42 U.S.C. § 1983. *Thurman v. Med. Transp. Mgmt., Inc.*,

982 F.3d 953, 956 (5th Cir. 2020) (citation omitted).

"'Section 1983 liability results when a "person" acting "under color of" state law, deprives another of rights "secured by the Constitution" or federal law.'" *Id.* (quoting *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) (quoting, in turn, 42 U.S.C. § 1983)). A criminal defense attorney is not a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016) (per curiam) ("The district court properly concluded that Sellers's defense attorneys were not state actors." (citing *Dodson*, 454 U.S. at 317-18)). And "a claim of legal malpractice" does "not arise from the United States Constitution or federal statutes or treaties, [to] provide the Court with federal question jurisdiction over the claims." *Castaneda v. Lucas*, No. EP-19-CV-185-PRM-MAT, 2019 WL 4935445, at *3 (W.D. Tex. July 24, 2019), *rec. accepted*, 2019 WL 4729426 (W.D. Tex. Sept. 27, 2019).

Taylor also has not "'distinctly and affirmatively alleged'" a "basis for diversity jurisdiction," *Dos Santos*, 516 F. App'x at 403, by establishing complete diversity. The only evidence in the record or of which the Court may take judicial notice reflects that all parties are Texas citizens. *Cf. Pardue v. Pardue*, 37 F.3d 630, 1994 WL 558868, at *1 (5th Cir. Sept. 20, 1994) (per curiam) ("Ordinarily, courts presume that '[a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.'" (quoting *Polakoff v. Henderson*, 370 F.

Supp. 690, 693 (N.D. Ga. 1973), *aff'd*, 488 F .2d 977 (5th Cir. 1974) (adopting district court's reasoning))).

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 15, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE