IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE WILLIAM TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:21-cv-65-C-BN |
| | § | |
| THE KENDALL LAW GROUP PLLC | § | |
| and JOSEPH KENDALL, | § | |
| | § | |
| Defendants. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Theodore William Taylor, a federal inmate incarcerated in this district, filed this *pro se* case against his former criminal defense counsel and his law firm for legal malpractice, asserting that his attorney "collected fees exceeding [$120,000] yet failed to establish a legal defense strategy, failed to prepare for jury trial, failed to impeach Government witnesses, failed to introduce defense witnesses, failed to suppress illegal evidence, and failed to bring forward contextual documentation." Dkt. No. 3.

Senior United States District Judge Sam R. Cummings referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, because Taylor has neither alleged a federal question –notably against his former attorney under 42 U.S.C. § 1983 – nor established a basis for diversity jurisdiction, the undersigned recommended, on January 15, 2021, that the Court dismiss this action for lack of subject matter jurisdiction [Dkt. No. 4] (the Initial

FCR).

After entry of the Initial FCR, Taylor filed a Formal Response to Magistrate Judge's January 15, 2021 Findings, Conclusions, and Recommendations [Dkt. No. 5], confirming that he does not allege diversity jurisdiction but seeking leave to amend his complaint to add a claim against the named defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which affords a cause of action against federal actors that mirrors but is not "'the substantial equivalent of [Section] 1983,'" applicable to state actors. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) (citation omitted).

As explained in the Initial FCR, Taylor may not bring a Section 1983 claim against his former defense counsel because he is not a state actor. "By the same token, defense attorneys in a federal criminal case are not federal actors and thus cannot be sued under *Bivens*…." *E.g.*, *Martinez v. Sullivan*, No. 5:17cv201, 2019 WL 4493583, at *2 (E.D. Tex. Apr. 15, 2019) (citations omitted), *rec. adopted*, 2019 WL 4469171 (E.D. Tex. Sept. 18, 2019); *see also Solesbee v. Nation*, No. 3:06-cv-333-D, 2008 WL 244343, at *1 (N.D. Tex. Jan. 29, 2008) ("Regarding Solesbee's criminal lawyer (a criminal lawyer is rarely considered a federal actor due to his role as *defense* counsel), the usual remedy is through a suit for legal malpractice. That is a claim that is based on state law, not federal law, and is[ – absent diversity jurisdiction – ]litigated in state court…."); *cf. Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020) ("*Bivens* was the product of an '*ancien regime*' that freely implied rights of action. That regime ended long ago. Today, *Bivens* claims generally are limited to the circumstances of the

Supreme Court's trilogy of cases in this area…." (citations omitted)).

The claim that Taylor seeks to add is therefore subject to summary dismissal.

And a court may "refuse leave to amend if ... the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Federal Rule of Civil Procedure 15(a)] 'evinces a bias in favor of granting leave to amend,' ... a district court need not grant a futile motion to amend." (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting, in turn, *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)); citation omitted)); *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Leave to amend should therefore be denied. And the Court should still dismiss this case for lack of subject matter jurisdiction.

## Recommendation

For the reasons above and for the reasons set out in the Initial FCR, the Court should deny the construed motion for leave to amend and dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE